RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8 / 31 / 12
ODB

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

# BATON ROUGE

| | | |
|---|---|---|
| GEORGE B. HILLS, JR. | : | DOCKET NO. 3:12-080 |
| VS. | : | JUDGE TRIMBLE |
| DEPUTY JACK STEVENS, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss" (R. #19) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants, Deputy Jack Stevens, individually and in his official capacity as a Deputy Sheriff for the East Baton Rouge Parish Sheriff's Office, Captain Anthony Ponton, individually and in his official capacity as the Commander of the Burbank Subdivision of the East Baton Rouge Parish Sheriff's Office, Major Les Rainey, individually and as Chief of Uniform Patrol for the East Baton Rouge Parish Sheriff's Office, Sheriff Sid J. Gautreaux, individually and in his official capacity as the Sheriff of East Baton Rouge Parish Sheriff's Office. These defendants maintain that plaintiff has failed to state a claim upon which relief can be granted against them in their individual and/or official capacities.

## FACTUAL ALLEGATIONS

Plaintiff has sued numerous law enforcement officials in both their individual and official capacity for excessive force pursuant to state law and Title 42 U.S.C. sections 1983 and 1988. Plaintiff makes the following allegations in his complaint.

On or about 5:00 p.m. on February 13, 2011, unknown individuals conducted a drive-by

shooting near plaintiff, Steven Hills' home. Some of the gunshots hit his home and property. Shortly thereafter, deputies arrived at or near Mr. Hills' home; Mr. Hills assisted the deputies by showing them the location of the bullet holes and discharged shell casings caused by the shootings.

Meanwhile, one or more deputies arrested and/or detained a juvenile who lived next door to Mr. Hills for unrelated reasons. The juvenile was placed in the back seat of the Sheriff's patrol car. Mr. Hills asked defendant, Deputy Steven and/or another deputy if he could talk with the juvenile and let him know that he (Mr. Hills) would contact the juvenile's mother.

While talking with the juvenile, Mr. Hills heard Deputy Stevens yell at him to get away from the patrol car. Mr. Hills backed away from the car with his hands open and in plain view, but Deputy Stevens continued to yell at him to get away from the car. Mr. Hills complied with the request. Deputy Stevens pointed his taser at Mr. Hills in a threatening manner and several other uniformed deputies attempted to surround Mr. Hills as Deputy Stevens approached him with the taser. Mr. Hills retreated to the side of his home at which time Deputy Stevens, Deputy Burbank and five or six other uniformed deputies from the Sheriff's office grabbed him by his hair and slung him to the ground. Deputy Stevens then tasered him as he yelled and cursed at him. Two other deputies also tasered him. While incapacitated by the tasering, Deputy Stevens and other deputies kicked and punched Mr. Hills in the head and body.

Mr. Hills alleges that at no time did he resist arrest or threaten or attack Deputy Stevens or the other law enforcement officials, and that the deputies did not have probable cause to effect an arrest. Mr. Hills also complains that neither Deputy Burbank nor other superior deputies at the scene took any action to stop the attack. Mr. Hills further complains that the deputies have not been disciplined for their actions, and thus, by their inactions, Deputy Stevens and other deputies of

2

superior rank have ratified and adopted the illegal and unlawful actions of Deputy Stevens and the other deputies. Mr. Hills contends that the Sheriff's office and Sheriff Gautreaux have engaged in a pattern, practice, policy or custom of using tasers in a manner that constitutes excessive and unlawful force, and have failed to properly train the deputies with respect to the proper and lawful use of tasers. Mr. Hills seeks damages for pain and suffering, medical expenses, mental anguish, loss of earnings, punitive damages and attorneys fees.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[2] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4] "In

---

[1] Hitt v. City of Pasadena, 561 F.2d 606,608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[2] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[3] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

3

order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[9] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[10]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11]

## LAW AND ANALYSIS

Defendants maintain that Sheriff Gautreaux, Major Rainey, Captain Ponton and Deputy Stevens should be dismissed because (1) plaintiff has failed to identify any unconstitutional policy

---

[5] <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 281 (5th Cir. 1992).

[6] <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995).

[7] <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir. 1995).

[8] <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[9] <u>Id.</u>

[10] <u>Id.</u>, at 557, 127 S.Ct. 1955.

[11] <u>Id.</u>, at 570, 127 S.Ct. 1955.

4

or custom that caused his injury, (2) plaintiffs failed to allege facts to support allegations that Sheriff Gautreaux failed to properly train deputies in the use of tasers, (3) plaintiff failed to allege facts to show the particular training program was defective, (4) plaintiff failed to allege facts to support allegations that Sheriff Gautreaux engaged in a pattern, practice, policy or custom of allowing his deputy sheriffs to use excessive and unlawful force in connection with their use of tasers, and (5) plaintiff's individual claims should be dismissed because defendants are entitled to qualified immunity.

*Official capacity claims against Sheriff Geautreaux, Major Rainey, Captain Ponton and Deputy Stevens*

Defendants maintain that plaintiff has failed to allege sufficient facts to establish that these defendants are policy makers with the East Baton Rouge Sheriff's Office, thus plaintiff's official capacity claims under § 1983 must fail.

An official capacity suit is the equivalent of a suit against the entity of which the officer is an agent.[12] Such a claim requires Monell proof of an official policy or custom as the cause of a constitutional deprivation.[13] To constitute official policy, there must be a "deliberate choice to follow a course of action... made from among various alternatives by the official or officials

---

[12] Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099 (1985).

[13] Turner v. Houma Municipal Fire & Police Civil Service Board, 229 F.3d 478, fn. 10 (5th Cir. 2000), citing Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978); See also Rooney v. Watson, 101 F.3d 1378, 1381 (11th Cir. 1996); Vineyard v. County of Murray, Ga., 990 F.2d 1207, 1211 (11th Cir.). cert. denied, 510 U.S. 1024, 114 S.Ct. 636 (1993)(Only when it is clear that a violation of specific rights has occurred can the question of Section 1983 municipal liability for the injury arise).

5

responsible for establishing final policy with respect to the subject matter in question."[14] Hence, Plaintiff must prove that the policy, custom or practice is in fact widespread, that the custom's continued existence is traceable to policy makers, and that there is a causal connection between the custom and the challenged act.[15]

Municipalities and other local governmental bodies are "persons" within the meaning of § 1983.[16] However, a municipality may not be held liable under § 1983 solely because it employs a tortfeasor.[17] Instead, the plaintiff must identify a municipal "policy" or "custom" that caused the injury.[18] The "official policy" requirement was intended to distinguish acts of the *municipality* from the acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible.[19] Thus, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[20] "Official policy" often refers to formal rules or understandings–often but not always committed to writing–that are intended to, and do, establish fixed plans of action to

---

[14] Gonzalez v. Ysleta Independent School Dist., 996 F.2d 745, 755 (5th Cir. 1993) citing Pambaur v. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292 (1986).

[15] See Bennett v. City of Slidell, 728 F.2d 762 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, (1985).

[16] Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692, 98 S.Ct. 2018, 2037 (1978).

[17] Id. at 692, 98 S.Ct. at 2036.

[18] Pembaur, 475 U.S. at 480-481.

[19] Id.

[20] Monell, 436 U.S. at 694, 98 S.Ct. at 2038.

6

be followed under similar circumstances consistently and over time.[21]  Therefore, plaintiffs must demonstrate that the municipality was the "moving force" behind the injury alleged.[22]

Defendants argue that plaintiff has alleged facts of an isolated case of allegedly poorly trained employees and has not alleged any specific facts to establish a pattern of violations.  Defendants further argue that plaintiff has failed to allege with any specificity how a particular training program was defective.  The court has reviewed plaintiff's complaint and finds that plaintiff has failed to allege a policy or custom that was the moving force behind plaintiff's alleged violation of a constitutional right.  Accordingly, plaintiff's official capacity claims against Sheriff Gautreaux, Deputy Stevens, Captain Ponton and Major Rainey will be dismissed.

*Qualified immunity as to Sheriff Gautreaux, Captain Ponton and Major Rainey for individual capacity claims*

Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or caused to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

The first inquiry in any §1983 suit is to isolate the precise constitutional violation with which the defendant is charged.[23]  The validity of the claim is then judged by reference to the specific constitutional standard which governs that right.[24]

---

[21]  Pembaur, 475 U.S. at 480-481.

[22]  Id.

[23]  Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692 (1979).

[24]  Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989).

7

The affirmative defense of qualified immunity from suit is available to all government officials, including police officers in § 1983 actions.[25] A public official is entitled to be shielded from liability for civil damages under the provisions of 42 U.S.C. § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[26] Once a defendant has invoked qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[27]

Qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation."[28] The two step analysis of qualified immunity requires us to determine whether plaintiffs have alleged the violation of a constitutional right and whether such right was clearly established.[29] As to the second prong, "[i]t is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness; on a motion to dismiss.'" The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.[30] Although "the Saucier rule prescribes the sequence in which the issues must be discussed by a court in its opinion, the rule does not-and obviously cannot-specify the sequence in which judges reach their conclusion in their own internal

---

[25]  England v. Hendricks, 880 F.2d 281 (10th Cir. 1989).

[26]  Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982).

[27]  Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009).

[28]  Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985).

[29]  Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001).

[30]  Id., citing Wilson v. Layne, 526 U.S. 603, 615, 119 S.Ct. 1692 (1999).

8

thought processes."[31] Therefore, a court can decide that there was no violation of a clearly established law before deciding whether the relevant facts make out a constitutional question.[32] Accordingly, the court may exercise its sound discretion in deciding which of the two prongs in Saucier should be addressed first in light of the circumstances in the particular case at hand.[33]

Plaintiffs have a constitutional right to be free from excessive force and unreasonable searches resulting from inadequate training or supervision.[34] To establish liability under § 1983 for failure to train or supervise, plaintiffs must show that the supervisor failed to supervise or train his subordinate, that a causal connection existed between that failure and the violation of plaintiffs' rights, and that such failure amounted to deliberate indifference.[35]

Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause a constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury.[36] "[T]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"[37]

Plaintiff has alleged that the actions of defendants constituted excessive and unlawful force in violation of his constitutional rights under the Fourth and Fourteenth Amendments and guarantees

---

[31] Pearson v. Callahan, – U.S. – , 77, 129 S.Ct. 808, 820 (2009).

[32] Id.

[33] Id.

[34] See Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996).

[35] See id.

[36] Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).

[37] Mangieri v. Clifton, 29 F.3d 1012, 1017 (5th Cir. 1994).

9

set out in 42 U.S.C. § 1983. Plaintiff alleges that he was arrested without probable cause, unlawfully seized, tasered, punched and kicked causing plaintiff serious and harmful injuries.

Specifically, as to these defendants, the complaint alleges that Sheriff Gautreaux, Major Rainey and Captain Ponton, by their inaction, ratified and adopted the illegal and unlawful actions of Deputy Stevens and the other deputies,[38] and that defendants' acts and actions reflect and embody the official policy and policies of the East Baton Rouge Parish Sheriff's Office. The complaint further alleges that these defendants failed to intervene or prevent other sheriff's deputies from violations of plaintiff's constitutional rights.[39] There are no facts alleged in the complaint that these defendants were personally involved.

Defendants, Sheriff Gautreaux, Major Rainey and Captain Ponton maintain that their actions in training and/or supervising their subordinates will not be able to satisfy the deliberate indifference standard necessary for recovery against them, and plaintiff has failed to show that their conduct denied him his constitutional rights.[40] Defendants remark that the complaint does not allege that Sheriff Gautreaux was either personally or directly involved[41] and because § 1983 liability cannot be premised upon *respondeat superior*,[42] he must be dismissed. Defendants note that Captain Ponton was captain of the Warrants Division at the time of the incident and did not become Captain of the

---

[38] R. #1, complaint, ¶ 24.

[39] R. #1, complaint, ¶¶ 68, 69 and 70.

[40] Citing Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir. 2003).

[41] See Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

[42] See Monell, 436 U.S. at 691; see also Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

10

Burbank Substation until November 2011. The Complaint alleges no specific facts as to Captain Ponton's actions or inactions. Thus, defendants argue that plaintiff cannot demonstrate that Captain Ponton was either personally or directly involved and must be dismissed.

In order for these defendants to be held liable under 42 U.S.C. § 1983, their actions must be predicated upon "gross negligence" amounting to "conscious indifference" and there must be a pattern or practice of constitutional violations supporting the theory of gross negligence.[43] Plaintiff must show that: (1) the [defendant] failed to supervise or train the officer [deputy], (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and (3) such failure to supervise or train amounted to gross negligence or deliberate indifference.[44]

The complaint fails to allege facts as to Sheriff Gautreaux, Major Rainey or Captain Ponton's affirmative participation as to the improper supervision of the deputies and/or how said participation caused the alleged constitutional deprivation. The complaint fails to identify a policy or custom that allegedly caused plaintiff's injury. One instance or incident is not sufficient to establish a pattern, practice, policy or custom of using tasers in a manner that constitutes excessive and/or unlawful force. The complaint also fails to allege facts as to improper or defective training of the deputies by Sheriff Gautreaux, Major Rainey or Captain Ponton. Accordingly, the court will dismiss the individual capacity claims of Sheriff Gautreaux, Major Rainey and Captain Ponton based on qualified immunity.

*Punitive damage claims*

---

[43] Languirand v. Hayden, 717 F.2d 220 (5th Cir. 1983).

[44] Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986).

11

Defendants, Sheriff Gautreaux, Major Rainey and Captain Ponton maintain that plaintiff is not entitled to an award of punitive damages against them in their individual capacities because plaintiff has failed to show that defendants' actions were caused by evil motive, evil intent, or with reckless or callous indifference.[45] We agree. The complaint fails to allege that these defendants' conduct was caused by evil motive or intent, nor does the complaint allege conduct by these defendants that was reckless or callously indifferent to the federally protected rights of others. Thus, we will dismiss the individual capacity claims against defendants, Gautreaux, Rainey and Ponton.

Defendants maintain that plaintiff cannot recover punitive damages against a governmental agency, thus, these claims made against them in their official capacity must be dismissed. We agree and will dismiss the punitive damages claims against defendants, Gautreaux, Rainey, Ponton and Stevens in their official capacity.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted and the § 1983 claims against Sheriff Gautreaux, Major Rainey, Captain Ponton and Deputy Stevens in their official capacity will be dismissed with prejudice; the motion will be granted and the § 1983 claims against Sheriff Gautreaux, Major Rainey, and Captain Ponton in their individual capacity will be dismissed with prejudice; the punitive damage claims against Sheriff Gautreaux, Major Rainey, Captain Ponton and Deputy Stevens in their official capacity will be dismissed with prejudice, and the punitive damage claims against Sheriff Gautreaux, Major Rainey and Captain Ponton in their individual capacities will be dismissed with prejudice.

The court notes that defendants request that we decline to exercise supplemental jurisdiction

---

[45]  Smith v. Wade, 461 U.S. 30, 56 (1983).

Case 3:12-cv-00080-JTT-KK   Document 28   08/31/12   Page 12 of 13

over the state law claims and dismiss them as well if we dismiss all of the federal claims against Sheriff Gautreaux, Deputy Stevens, Captain Ponton and Major Rainey. Defendants failed to address the dismissal of Deputy Stevens in his individual capacity and therefore the court did not dismiss this § 1983 claim against Deputy Stevens. Therefore, to this extent, the motion to dismiss will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of August, 2012.

_____<br>
JAMES T. TRIMBLE, JR.<br>
UNITED STATES DISTRICT JUDGE

Case 3:12-cv-00080-JTT-KK   Document 28   08/31/12   Page 13 of 13