# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE B. HILLS, JR.** | : | **DOCKET NO. 3:12-080** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **DEPUTY JACK STEVENS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #35) filed by defendant, Jack

Stevens, in his individual capacity, who moves the court to dismiss plaintiff's remaining claims

against him pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded

to the motion. For the following reasons, the motion will be granted dismissing with prejudice

plaintiff's claims against Deputy Stevens.

## FACTUAL STATEMENT

On February 13, 2011, defendant, Deputy Stevens and other East Baton Rouge Sheriff's

Office deputies responded to a drive-by shooting. While on the scene, officers arrested a juvenile

for intent to distribute schedule I drugs and possession of drug paraphernalia; the juvenile was placed

in the back seat of a sheriff's unit. Plaintiff George Hills, without approval, repeatedly approached

the unit to communicate with the detainee. After repeated ignored verbal warnings, Deputy Stevens

approached plaintiff and while touching his left arm, physically moved plaintiff away from the unit.

Plaintiff resisted, therefore, Deputy Stevens deployed his taser to detain plaintiff. Plaintiff was

arrested and charged with battery of a police officer, resisting an officer and public intimidation. The

District Attorney billed the charges of battery of a police officer and resisting an officer. Plaintiff pled guilty to disturbing the peace.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6]  There is no genuine issue of material fact if, viewing the evidence in the light most

---

[1]  Fed. R.Civ. P. 56(c).

[2]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3]  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5]  Anderson, 477 U.S.  at 249.

[6]  Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

2

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Plaintiff has filed the instant complaint against Deputy Jack Stevens, Individually and in his official capacity as a Deputy Sheriff for the East Baton Rouge Parish Sheriff's Office; Captain Anthony Ponton, individually and in his official capacity as the Commander of the Burbank Subdivision of the East Baton Rouge Parish Sheriff's Office; Major Les Rainey, individually and as Chief of Uniform Patrol for the East Baton Rouge Parish Sheriff's Office; Sheriff Sid J. Gautreaux, individually and in his capacity as Elected Sheriff of East Baton Rouge Parish Sheriff's Office.[9] Following numerous dismissal of claims and defendants, the only remaining claim is the § 1983 claim against Deputy Jack Stevens in his individual capacity.[10]

Certain officials, including police officers and other state actors performing "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or

---

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

[9] On August 31, 2012, the undersigned dismissed the § 1983 claims against Sheriff Gautreaux, Major Rainey, Captain Ponton, and Deputy Stevens in their official capacities and dismissed the § 1983 claims against Sheriff Gautreaux, Major Rainey and Captain Ponton in their individual capacities. Also dismissed were the punitive claims against Sheriff Gautreaux, Major Rainey, Captain Ponton, and Deputy Stevens in their official capacities and the punitive damages claims against Sheriff Gautreaux, Major Rainey, and Captain Ponton, in their individual capacities. In that same ruling, the state law claims against Sheriff Gautreaux, Deputy Stevens, Captain Ponton and Major Rainey were dismissed. R. #28.

[10] R. #28.

constitutional right [ ] of which a reasonable person would have known."[11]  This doctrine, known as "qualified immunity," provides not only a defense to liability, but "immunity from suit."[12] Qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation."[13]

The two step analysis of qualified immunity requires us to determine whether plaintiffs have alleged the violation of a constitutional right and whether such right was clearly established.[14]  The relevant, dispositive inquiry in determining whether a right is clearly established, is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.[15] Although "the *Saucier* rule prescribes the sequence in which the issues must be discussed by a court in its opinion, the rule does not-and obviously cannot-specify the sequence in which judges reach their conclusion in their own internal thought processes."[16]  Therefore, a court can decide that there was no violation of a clearly established law before deciding whether the relevant facts make out a constitutional question.[17]  Accordingly, the Court may exercise its sound discretion in deciding which of the two prongs in *Saucier* should be addressed first in light of the circumstances in the particular case at hand.[18]

---

[11]  Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692 (1999).

[12]  Hunter v. Bryant, 502 U.S. 224, 227, 112 S.CT. 534 (1991).

[13]  Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985).

[14]  Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001).

[15]  Id. citing Wilson v. Layne, 526 U.S. 603, 615, 119 S.Ct. 1692 (1999).

[16]  Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 820 (2009).

[17]  Id.

[18]  Id.

4

First, we will consider each of plaintiff's § 1983 claims to determine if plaintiff has offered prima facie evidence of their federal claims and second, we will determine if defendant is entitled to qualified immunity. The federal claims include excessive force; plaintiff also seeks punitive damages.

*Excessive force*

First, the court will consider plaintiff's complaint to allege a § 1983 claim for excessive force. An excessive force claim arises in the context of an arrest or investigatory stop of a free citizen and is more properly characterized as one invoking the protections of the Fourth Amendment.[19] The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. A "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, "by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen."[20] The use of force is excessive under objective standards of reasonableness.[21] Thus, the Fourth Amendment does not prohibit a police officer's use of reasonable force during an arrest.[22]

Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of " 'the nature and the quality of the intrusion on the individual's Fourth Amendment interests 'against the countervailing governmental interests at

---

[19] Pearson, 129 S.Ct. at 820.

[20] Terry v. Ohio, 392 U.S. 1, 19, n.16, 88 S.Ct. 1868, 1879, n.16 (1968).

[21] Id.

[22] Graham, 490 U.S. at 396 (1989)("the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it" citing Terry v. Ohio, 392 U.S. 1, 22-27 (1968)).

stake.' "[23] The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hind sight.[24] The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. [25] The court must consider the circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight.[26]

A court must be mindful that police officers are "forced to make split-second judgments– in circumstances that are tense, uncertain and rapidly evolving– about the amount of force that is necessary in a particular situation."[27]

Whether the force used is reasonable depends on the totality of the facts and circumstances in each case.[28] Factors to be considered in making a determination of whether the force used was reasonable under the circumstances include (1) the known character of the arrestee, (2) the risks and dangers faced by the officer, (3) the nature of the offense or behavior involved, (4) the chance of escape if the particular means are not employed, and (5) the existence of alternative methods of arrest

---

[23]  United States v. Place, 462 U.S. 696, 703, 103 S.Ct. 2637, 2642 (1983).

[24]  Terry, 392 U.S. at 20-22, 88 S.Ct. at 1879-1881.

[25]  See Scott v. United States, 436 U.S. 128, 137-139, 98 S.Ct. 1717 (1978).

[26]  Graham, 490 U.S. at 396, 109 S.Ct. at 1872.

[27]  Id. at 396.

[28]  Nelson v. City of Shreveport, 921 So.2d 1111, (La.App. 2 Cir. 2006).

or subduing the arrestee, (6) the physical size, strength and weaponry of the officers as compared to that of the arrestee, and (7) the exigencies of the moment.[29]

Defendant Stevens maintains that plaintiff cannot establish that he acted unreasonably under the circumstances. Deputy Stevens contends that plaintiff refused to comply with the deputies' orders to move away from the sheriff's office vehicle during their investigation of a drive-by shooting in which the suspects had not yet been detained. Deputy Stevens has submitted as summary judgment evidence the affidavits[30] of deputies who heard the verbal commands. Stevens argues that he had a legitimate law enforcement interest in minimizing the risk of harm to the deputies[31] and his actions were objectively reasonable in light of the facts and circumstances confronting him. Plaintiff has submitted no summary judgment evidence for dispute. Accordingly, the court finds that defendant acted reasonably in light of the circumstances and plaintiff's excessive force claim must be dismissed.

*Punitive damages*

In some instances, punitive damages may be available in a § 1983 case,[32] but only upon a showing of the requisite intent.[33] Requisite intent for punitive damages is proven when an individual's conduct is shown to be motivated by evil motive or intent, or when it involves reckless

---

[29] Kyle v. City of New Orleans, 353 So.2d 969 (La.1977).

[30] Defendant's exhibits A, A-1, B,

[31] See Terry v. Ohio, 392 U.S. at 23, 88 S.Ct. at 1881.

[32] Carlson v. Green, 446 U.S. 14, 22 (U.S. 1980).

[33] Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 306 (U.S. 1986).

or callous indifference to the federally protected rights of others.[34]

Deputy Stevens argues that plaintiff has failed to show that defendant's actions were motivated by evil motive, evil intent, or with reckless or callous indifference. When Deputy Stevens made several unsuccessful verbal commands for plaintiff to step away from the car, plaintiff resisted violently and reached into his pocket. Deputy Stevens submits that he acted reasonably when he tasered plaintiff. The court agrees and finds that plaintiff has failed to establish that Deputy Stevens acted with evil motive or intent or callous disregard for plaintiff's rights. Accordingly, the court will dismiss plaintiff's claim for punitive damages.

## CONCLUSION

For the reasons set forth above, the undersigned will grant the motion for summary judgment dismissing with prejudice plaintiff's claims against Deputy Stevens in his individual capacity.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2 4 th day of September, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[34] Smith v. Wade, 461 U.S. 30, 56 (U.S. 1983).

8